## SCRANTON CONTRACTING CO. v. Mc-CULLOCH.

### No. 4974.

Circuit Court of Appeals, Third Circuit. Feb. 25, 1933.

W. J. Fitzgerald, of Scranton, Pa., for appellant.

John H. Price and Cole B. Price, both of Scranton, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

In this case the court below refused the petition of a purchaser to set aside a sale made by its receiver. Thereupon the petitioner took this appeal.

The proofs are that in an equity receivership, the receiver, by order of court, at public sale, sold to Harrington and Colligan all the right, title, and interest in certain coal mine leaseholds and equipment for $50,000. On report of the sale the same was on March 10, 1931, duly confirmed. Thereafter, on April 14, 1931, the receiver entered into an agreement with the Scranton Contracting Company, to which company Harrington and Colligan had assigned their bid, by which agreement the receiver accepted the Scranton Contracting Company as the purchaser. Thereupon the purchaser paid $15,000 in cash and gave bond for the payment of the balance in monthly installments of $2,000 each. None of these installments was paid, and the receiver threatened suit on the bond. Thereupon the Scranton Contracting Company, on April 23, 1932, more than a year after the sale, petitioned the court to rescind the contract, to order the receiver to return the $15,000 hand money, and restrain him from proceeding on the bond.

The basis of the petition was that, at the time of the sale, both parties believed the leased lands contained large quantities of available anthracite coal, while subsequent underground mining operations showed such was not the fact and that from the coal that was available only $30,000 could be realized.

The proofs show that no fraud existed, nor was it averred. There was no misrepresentation. The coal was underground. No one could know with certainty what was there. All sources of such information as could have been had were open alike to the receiver, to Harrington and Colligan, the bidders, and to the Scranton Contracting Company, to whom the bid was assigned. The old mine map of the property of 1915 was never in the possession of the receiver, and the testimony of Colligan was:

"Q. I notice in your petition and in your testimony that you do not claim that there was any misrepresentation on Mr. McCulloch's (the receiver) part? A. No, sir.

"Q. Or anybody connected with him? A. No, sir."

After hearing, the court below held: "This was a judicial sale, under which the receiver sold only the right, title, and interest which the Lehigh Coal Company had in the property. The receiver made no representations, and there is no fraud charged. The rule of caveat emptor is strictly applicable to judicial sales, and in such sales there is no implied warranty. The purchaser buys at his own risk. Osterberg v. Union Trust Co., 93 U. S. 424, 23 L. Ed. 964; Horner v. Continental & Commercial Trust & Savings Bank (C. C. A.) 198 F. 832. It would be more unconscionable in respect to the creditors of the Lehigh Coal Company for the court to rescind this sale than to permit it to stand. The petition will therefore be dismissed."

Agreeing thereto, we affirm the order dismissing the petition.